BERNARD GAUMOND vs. JOHN P. DEANE.

Hampden.    September 28, 1960. — November 4, 1960.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, & CUTTER, JJ.

*Negligence,* Motor vehicle. *Practice, Civil,* Charge to jury.

Evidence at a trial of the circumstances in which the plaintiff was injured by the defendant's automobile upon walking on a crosswalk into an intersection into which the defendant had driven at a speed of from ten to fifteen miles per hour on a signal to proceed given by a crossing policeman disclosed no error prejudicial to the plaintiff in a statement in the charge that "The evidence does not support the suggestion of speed on the part of the defendant and that the speed was improper."

TORT. Writ in the District Court of Springfield dated January 6, 1958.

Upon removal to the Superior Court the action was tried before *Goewey,* J., a District Court judge sitting under statutory authority.

The case was submitted on briefs.

*John J. Brogan, Jr.,* for the plaintiff.

*John D. Ross, Jr., & George W. Leary,* for the defendant.

WHITTEMORE, J. The uncontroverted evidence shows that on September 27, 1957, at about 12:20 P.M., on the signal of a crossing policeman to proceed, the defendant drove his automobile into an intersection at a speed of from ten to fifteen miles per hour. Schools were in the neighborhood and children were on the sidewalks; vehicular traffic was light. A legally parked car was so located that the jury could have inferred that the defendant's view of the plaintiff and the latter's view of the defendant were at some point interfered with. The plaintiff, a five year old boy, walked into the intersection on the crosswalk. He "saw the police officer and did not see the car." The defendant did not see the plaintiff before the accident. The defendant's motion for a directed verdict was denied and the defendant excepted. The jury found for the defendant. The plain-

tiff relies only on his exception to the statement in the charge that ''The evidence does not support the suggestion of speed on the part of the defendant and that the speed was improper.'' It appears from such parts of the charge as are set out that the judge, inter alia, told the jury to determine where and how the accident happened, whether an obstacle obstructed the defendant's view, and how he operated his car—carelessly or properly.

The plaintiff was not aggrieved. The speed alone was not in the circumstances any evidence of negligence and a ruling to this effect was not a charge on the facts. Perhaps, as the defendant persuasively argues, no other evidence warranted sending the case to the jury. We need not, however, rule on that issue; the plaintiff had at least all that he was entitled to in the submission of the case with issues narrowed by the charge given.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions dismissed.*